Matter of J.S. (S.A.) (2026 NY Slip Op 01326)

Matter of J.S. (S.A.)

2026 NY Slip Op 01326

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Docket No. NA-27963/23, NA-27964/23|Appeal No. 6030-6030A|Case No. 2025-00502|

[*1]In the Matter of J.S. And Another, Children Under Eighteen Years of Age, etc., S.A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child J.S.
Anne Reiniger, New York, attorney for the child J.A.

Order of fact-finding, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about September 6, 2024, which found that respondent mother medically neglected her older child and derivatively neglected her younger child, unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about October 28, 2024, upon respondent mother's default, unanimously dismissed, without costs, as taken from a nonappealable paper.
A preponderance of the evidence supports Family Court's finding that the mother medically neglected her older son and derivatively neglected her younger child (see Family Ct Act §§ 1012[f][1][A]; 1046[b][i]). The child's certified medical records from Jacobi Hospital and the mother's fact-finding testimony establish that by withholding or delaying consent, the mother caused an impairment or the risk of impairment to the child's condition (see Matter of Cemi A. [Rayna A.], 189 AD3d 526, 527 [1st Dept 2020]). The record shows that the mother refused to allow the child emergency medical treatment, then failed to answer subsequent telephone calls from hospital staff for about two hours, despite being aware that there was a blockage in the child's lungs, he was coughing up blood, having difficulty breathing, and might need surgery. Family Court's credibility determinations are entitled to deference (see Matter of Nivek A.S. [Juanita S.], 148 AD3d 459, 459 [1st Dept 2017]).
Family Court providently admitted petitioner's progress notes and oral report transmittals into evidence under the business records exception to the hearsay rule (see CPLR 4518[a]). Petitioner's supervisor assigned to the family testified that she was familiar with petitioner's record-keeping practices; how the oral report transmittals and the progress notes were created, maintained, and kept in petitioner's regular course of business; and that their entries were made proximate in time to the events or occurrences described (see Matter of M.H. [Ricardo D.], 239 AD3d 411, 412 [1st Dept 2025]; Matter of K.M. [O.M.], 228 AD3d 406, 407 [1st Dept 2024]; Matter of Adonis H. [Enerfry H.], 198 AD3d 478, 479 [1st Dept 2021]). The record further establishes that when Family Court entered the oral report transmittal into evidence as Petitioner's 6, the court excluded the hearsay portions of that document.
The finding that the mother derivatively neglected the younger child was proper. The mother's medical neglect of the older child demonstrates so flawed an understanding of the responsibilities and duties of parenthood as to support the finding of derivative neglect (see Matter of Cohen D. [Chantal D.], 157 AD3d 472, 473 [1st Dept 2018], lv denied 31 NY3d 904 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026